**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| JOSEPH WODZINSKI, | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| | ) |
| JAVITCH, BLOCK & RATHBONE, LLC, | ) (Unlawful Debt Collection Practices) |
| | ) |
| Defendant. | ) |

## COMPLAINT

JOSEPH WODZINSKI ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against JAVITCH, BLOCK & RATHBONE, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States; and 28 U.S.C. § 1367 grants this Court supplemental jurisdiction over any state law claims.

3. Defendant conducts business and is located in the State of Ohio, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

**PARTIES**

5. Plaintiff is a natural person who resides in Parma, Ohio.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 1100 Superior Avenue, 19th Floor, Cleveland, OH 44114.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant was attempting to collect an alleged Aspire Visa credit card debt.

11. Plaintiff owes no business debt, so the debt could only be personal in nature.

12. Beginning in April of 2012 and continuing for several months thereafter, Plaintiff received continuous and repeated collection calls from Defendant.

13. Defendant's calls originated from numbers, including, but not limited to (216) 687-1199 and (866) 781-7900. The undersigned has confirmed that these telephone numbers belong to Defendant.

14. Defendant's collectors often called two or more times per day.

15. During these calls, Defendant often threatened Plaintiff with legal action unless the debt was paid.

16. Defendant further threatened Plaintiff that the deadline to receive payment was June 25, 2012 or legal action would commence.

17. Notwithstanding these statements, Defendant has not, to the best of Plaintiff's knowledge, initiated any lawsuit against him since the threat of suit was made.

18. Defendant placed these repeated calls and made these threats with the intent to deceive, harass, and coerce Plaintiff into paying the alleged debt, without intent to take the action threatened.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

19. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

20. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously on his home phone, when it threatened him with legal action, when it threatened to sue Plaintiff if he did not pay the alleged debt by a certain date, and when it engaged in other harassing and abusive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

21. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

22. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff, and when it engaged in other harassing and abusive conduct.

## COUNT III
### DEFENDANT VIOLATED § 1692e OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

23. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

24. Defendant violated § 1692e of the FDCPA when it threatened to sue Plaintiff even though it had no intention of filing suit at that time, and has not sued Plaintiff since the threat was made, and when it engaged in other misleading or deceptive conduct.

## COUNT IV
### DEFENDANT VIOLATED § 1692e(5) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take an action that is not intended to be taken.

26. Defendant violated § 1692e(5) when Defendant threatened to sue Plaintiff and told Plaintiff that he would be sued by June 25, 2012 if he did not pay the alleged debt, and when Defendant did not intend to take such action.

## COUNT V
### DEFENDANT VIOLATED § 1692e(10) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect a debt.

28. Defendant violated § 1692e(10) when it threatened Plaintiff with a lawsuit it did not intend to bring against him, and when it engaged in other misleading or deceptive conduct.

- 4 -

**COUNT VI**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

39. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

29. 40. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously on his home phone, when it threatened him with legal action, when it threatened to sue Plaintiff if he did not pay the alleged debt by a certain date, and when it engaged in other unfair and unconscionable conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JOSEPH WODZINSKI, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOSEPH WODZINSKI, demands a jury trial in this case.

| | |
|---|---|
| DATED: 11/08/2012 | KIMMEL & SILVERMAN, P.C. |
| | By: /s/ Amy L. Bennecoff |
| | Amy L. Bennecoff |
| | 30 E. Butler Pike |
| | Ambler, PA 19002 |
| | Phone: (215) 540-8888 |
| | Fax: (877) 788-2864 |
| | Email: abennecoff@creditlaw.com |